UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOTEL SERVICES COMPANY, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| NAMECHEAP, INC., | ) JURY TRIAL DEMANDED |
| and | ) |
| JOHN DOE, Individually, | ) |
| Defendants. | ) |

**COMPLAINT**

COMES NOW Plaintiff Hotel Services Company, LLC ("Plaintiff" or "Drury"), and for its Complaint against Defendants NameCheap, Inc. ("NameCheap") and John Doe ("Doe"), respectfully states as follows:

**Nature of Action**

1. This is an action for trademark infringement, unfair competition, false designation of origin, and cyber-squatting under the Federal Trademark Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), and for trademark infringement and unfair competition under the laws of the state of Missouri.  Plaintiff seeks, among other things, preliminary and permanent injunctive relief, damages, and other relief.

**The Parties**

2. Hotel Services Company, LLC is a limited liability company organized and existing under the laws of the State of Nevada, having a principal place of business at 721 Emerson Road, St. Louis, Missouri 63141, United States.

3. Upon information and belief, Defendant NameCheap, Inc. is a Delaware corporation with a principal place of business at 11400 West Olympic Boulevard, Suite 200, Los Angeles, California 90302 and is the registrar for the domain name at issue in this action.

4. Upon information and belief, Defendant John Doe is an individual of unknown residence and citizenship, and having an email address of FEM199013@gmail.com.

## Jurisdiction and Venue

5. This is a Complaint for trademark infringement, unfair competition, false designation of origin, and cyber-squatting arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et. seq.*, as amended (the "Lanham Act"), and for statutory and common law trademark infringement and unfair competition under the laws of the state of Missouri.

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  The court also has jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of property that is the subject of this action is situated in this judicial district, and it is where Plaintiff's principal place of business and headquarters is located.

## Facts Common to All Counts

8. Drury's predecessors and related companies founded and began developing the DRURY® family of brands of motels, hotels, and related goods and services, more than 40 years ago.  Since the inception of the use of the DRURY® brand for motels, hotels, and related goods and services, the DRURY® family of marks has grown to become extremely well-known and famous throughout the United States for such goods and services.  DRURY® brands of hotels, motels, and related goods and services, include, among others, DRURY®, DRURY INN®,

2

DRURY HOTELS®, DRURY INN & SUITES®, DRURY SUITES®, DRURY LODGE®, DRURY PLAZA HOTEL®, and PEAR TREE INN®.  The DRURY® family of brands of motels, hotels, and related goods and services, may be found at approximately 117 locations in 20 states across the United States.

9. Drury is the owner of all right, title and interest in, to and under the extremely well-known and famous service mark DRURY® and numerous variations thereof including, but not limited to, U.S. Service Mark Registration No. 1,874,354, registered for motel services.

10. Drury filed with the U.S. Patent and Trademark Office an application for its DRURY® mark on November 8, 1993 and the DRURY® mark was registered on January 17, 1995 (U.S. Registration No. 1,874,354). See Exhibit 1.

11. The DRURY® marks and registrations have been continuously used in interstate commerce on and in connection with motel services for over forty years, since at least as early as 1973.

12. Drury has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising and building consumer recognition and goodwill in its extremely valuable services under and in connection with its well-known and famous service marks, including, but not limited to, its DRURY® mark.

13. In addition to its DRURY® registration, Drury owns multiple other U.S. service mark registrations encompassing the term "DRURY," including, but not limited to: DRURY INN® (U.S. Registration Nos. 1,092,983 and 1,463,125), DRURY HOTELS® (U.S. Registration No. 2,185,078), DRURY INN & SUITES® (U.S. Registration No. 2,091,304), DRURY SUITES® (U.S. Registration No. 1,772,627), DRURY LODGE® (U.S. Registration No. 1,463,120), and

DRURY PLAZA HOTEL® (U.S. Registration No. 2,456,300) (collectively, the "DRURY® Marks"). See Exhibit 2.

14. Since at least as early as November 21, 1998, Drury has continuously owned the domain name registration for, and Drury has continuously used, operated, and maintained a website located at www.DruryHotels.com, which is used and accessed by millions of people. Drury's publicly accessible website at www.DruryHotels.com promotes Drury's motels, hotels, and related goods and services offered under and in connection with its valuable, well-known, and famous DRURY® Marks. See Exhibit 3.

15. On November 6, 2015, Defendant John Doe and/or someone in privity with Doe unlawfully selected, adopted and illegally registered the domain name www.DruryHotelsUSA.com, intentionally incorporating and employing Drury's well-known and famous service mark with, upon information and belief, the intent to use the domain name to mislead, confuse, and deceive persons. See Exhibit 4.

16. NameCheap is the registrar for the www.DruryHotelsUSA.com domain registration.

17. Drury has not licensed, authorized, or otherwise consented to the use of a variation of the DRURY® Marks as a part of the www.DruryHotelsUSA.com domain name or the website or e-mail address(es) associated with that name.

18. The www.DruryHotelsUSA.com domain name uses Drury's identical valuable and well-known trademarks and service marks, DRURY, as well as a domain name virtually identical to that associated with and used for Drury's website, www.DruryHotels.com, and is causing actual confusion and is likely to continue to cause confusion as to the potential affiliation, association, connection, sponsorship, and ownership of the domain name as well as between the www.DruryHotelsUSA.com domain name and Drury.

4

19. Defendant Doe and/or someone in privity with Doe improperly and illegally used and are improperly using the www.DruryHotelsUSA.com domain name to intentionally mislead, confuse, and deceive persons into believing that Drury is the source of, *inter alia*, communications associated with the illegally registered "www.DruryHotelsUSA.com" domain name and alleged services associated therewith.

20. Defendant Doe and/or someone in privity with Doe is using the infringing domain name to falsely represent to persons and entities that they are Drury and/or are employed by, affiliated with, and acting on behalf of, Drury.

21. Defendant Doe and/or someone in privity with Doe have been sending and distributing e-mails advertising fake job offers at Drury Hotels.  The e-mails include attachments containing, *inter alia*: (1) a flyer with a description of the fake job, including information such as job title, salary, and benefits; and (2) an "Application Form," seeking certain personal information from the e-mail recipients.  See Exhibit 5.  Both attachments contain the DRURY® Marks, including the DRURY HOTELS® Mark in both letter and graphic form.  The attachments list a contact email address of "hr@druryhotelsusa.com," associated with the illegally registered domain..

22. To reinforce and perpetuate this falsehood Defendant Doe and/or someone in privity with Doe includes a reference to Drury's authentic website, www.DruryHotels.com, on the fake job offer and application form attached hereto as Exhibit 5.

23. Upon information and belief, Defendant Doe and/or someone in privity with Doe is using the www.DruryHotelsUSA.com domain name as part of an illegal "phishing" scheme designed to defraud third-parties.

24. Consumers, potential customers, and the relevant public have been confused and misled by, and are likely to continue to be confused, deceived, and misled by Doe's actions and, further,

5

are likely to be confused, misled, and deceived into believing that Drury is the source of origin of communications and alleged services generated by, directed from, and/or associated with www.DruryHotelsUSA.com.

25. Consumers, potential customers, and the relevant public have been confused and misled by, and are likely to continue to be confused, deceived, and misdirected by Doe's actions and, further, are likely to be confused, misled and deceived into believing that www.DruryHotelsUSA.com and Defendant Doe is the same as, affiliated with, associated with, licensed by, and/or otherwise connected to or with Drury and its website www.DruryHotels.com.

26. Several third parties have contacted Drury stating that they received an e-mail with the job offer and application form, expressing frustration with Drury, and inquiring whether they have received the jobs with Drury for which they had applied.

27. On November 24, 2015, Drury, by and through its counsel, submitted a complaint via Defendant NameCheap's online support system explaining the nature of the trademark infringement and phishing scheme being perpetrated under the www.DruryHotelsUSA.com domain, and requesting that the domain be suspended or cancelled.  Drury attached the fake job posting and application to its submission to NameCheap.

28. NameCheap responded on November 24, 2015, stating that NameCheap is the registrar of the domain name but not the owner.  NameCheap further stated that it had forwarded Drury's complaint to the domain holder, but refused to provide any contact information regarding the domain holder.

29. Drury, by and through its counsel, sent a follow-up e-mail to NameCheap on November 30, 2015, explaining the urgency and severity of the situation, that persons were being misled and damaged by the conduct, and requesting further clarification and assistance regarding the

necessary procedures to terminate the offending account. NameCheap responded stating that it was unable to do anything absent a court order.

30. On December 3, 2015, Drury, by and through its counsel, contacted NameCheap's legal team via telephone and a follow-up e-mail. Drury provided further information regarding its DRURY® Marks, again attached the infringing documents, and requested that NameCheap immediately remove and/or cancel the offending account.

31. On December 8, 2015, Isabel Knott of NameCheap responded to Drury via email, stating that NameCheap had no way of validating any allegations, and would not take further action absent a court order.

32. To date, Drury has not received any response from the unknown registrant(s) of the www.DruryHotelsUSA.com website.

## COUNT I

### Trademark Infringement Under Section 32 of the Lanham Act
### (15 U.S.C. § 1114)

33. Drury realleges and incorporates each and every allegation set forth in paragraphs 1 through 32 of the Complaint as if fully set forth and restated herein.

34. Drury is the owner of all right, title, and interest in and to its DRURY® Marks, and all goodwill associated with and appurtenant thereto.

35. Defendants' unlicensed, un-consented to, and otherwise unauthorized use in commerce of Plaintiff's DRURY® Marks and confusingly similar reproductions, counterfeits, copies, or colorable imitations thereof, on or in connection with Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive.

36. Defendants have committed and are continuing to commit acts of trademark infringement in interstate commerce in violation of, *inter alia*, Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendants' acts of trademark infringement have caused and will continue to cause damage and irreparable harm to Drury, and are likely to continue unabated, thereby causing further damage and irreparable harm to Drury, and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known and famous DRURY® Marks, unless enjoined and restrained by the Court.

38. Drury has no adequate remedy at law.  If Defendants' activities are not enjoined, Drury will continue to suffer irreparable harm and injury to its DRURY® Marks, its goodwill, and its reputation.

39. Defendants' trademark infringement is and was knowing and willful.

40. As a result of Defendants' activities, Drury has been damaged in an amount to be ascertained at trial.

## COUNT II

### Contributory Trademark Infringement Under Section 32 of the Lanham Act
### (15 U.S.C. § 1114)

41. Drury realleges and incorporates each and every allegation set forth in paragraphs 1 through 40 of the Complaint as if fully set forth and restated herein.

42. Drury is the owner of all right, title, and interest in and to its DRURY® Marks, and all goodwill associated with and appurtenant thereto.

43. Defendant Namecheap has supplied and continues to supply a service to Defendant Doe and/or someone working in privity with Doe with knowledge that Defendant Doe's use of the service constitutes trademark infringement.

44. Defendant Namecheap has enabled an anonymous individual and/or persons working in privity with that individual to "monetize" counterfeit domain names, acting in concert with them, profiting with them jointly in the process, concealing their identity when challenged, and intentionally or recklessly continuing to supply registration services to them with knowledge that they are engaged in trademark and service mark counterfeiting or with willful blindness to that fact.

45. Defendant NameCheap exercises control over the means of infringement by way of its registration and anonymizing services.

46. Defendant NameCheap's acts of contributory trademark infringement have caused and will continue to cause damage and irreparable harm to Drury, as well as the relevant public, and are likely to continue unabated, thereby causing further damage and irreparable harm to Drury and the relevant public, and to the valuable goodwill symbolized by and associated with Drury's distinctive and extremely well-known and famous DRURY® Marks, unless enjoined and restrained by the Court.

47. Drury has no adequate remedy at law.  If Defendant NameCheap's activities are not enjoined, Drury will continue to suffer irreparable harm and injury to its DRURY® Marks, its goodwill, and its reputation.

48. Defendant NameCheap's contributory trademark infringement is and was knowing and willful.

49. As a result of Defendant NameCheap's activities, Drury has been damaged in an amount to be ascertained at trial.

## COUNT III

### Unfair Competition and False Designation of Origin Under Section 43(a) of the Lanham Act
**(15 U.S.C. § 1125(a))**

50. Drury realleges and incorporates each and every allegation set forth in paragraphs 1 through 49 of the Complaint as if fully set forth and restated herein.

51. Defendants' unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's DRURY® Marks and confusingly similar variations thereof, on or in connection with Defendants' purported business and services is likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that Defendants are affiliated, connected, or associated with Drury, and/or the DRURY® Marks.

52. Defendants' unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's DRURY® Marks and confusingly similar variations thereof, on or in connection with Defendants' actions, purported business, and services is likely to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into believing that Drury is: (i) the source or origin of Defendants' business, goods and/or services; (ii) sponsoring Defendants' goods, business, and/or services; (iii) approving Defendants' business, goods and/or services; and/or (iv) otherwise affiliated with Defendants' business, goods and/or services.

53. Defendants' unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's DRURY® Marks and confusingly similar variations thereof, on or in connection with their advertising, marketing, and promotion of their goods and services, constitutes a false designation of origin that wrongly suggests to the relevant purchasing public and consumers that such goods and services emanate from, or are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with Drury and/or the DRURY® Marks.

54. Defendants have thus committed and are continuing to commit acts of unfair competition and false designation of origin in interstate commerce in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendants' acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to Drury, and are likely to continue unabated, thereby causing further damage and irreparable harm to Drury and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known and famous DRURY® Marks, unless enjoined and restrained by the Court.

56. Drury has no adequate remedy at law.  If Defendants' activities are not enjoined, Drury will continue to suffer irreparable harm and injury to its DRURY® Marks, its goodwill, and its reputation.

57. Defendants' unfair competition and false designation of origin is and was knowing and willful.

58. As a result of Defendants' activities, Drury has been damaged in an amount to be ascertained at trial.

## COUNT IV

### Cyber-Squatting Under Section 43(d) of the Lanham Act
### (15 U.S.C. § 1125(d))

59. Drury realleges and incorporates each and every allegation set forth in paragraphs 1 through 58 of the Complaint as if fully set forth and restated herein.

60. Drury is the owner of all right, title, and interest in and to its DRURY® Marks, and all goodwill appurtenant thereto.

61. Defendant Doe has a bad faith intent to profit from his unlicensed, un-consented to, and otherwise unauthorized use of Plaintiff's DRURY® Marks.

11

62. Defendant Doe has registered and is using the domain name www.DruryHotelsUSA.com.

63. Defendant Doe's www.DruryHotelsUSA.com domain name is identical, confusingly similar, and/or dilutive to Drury's distinctive, well-known and famous DRURY® Marks.

64. Plaintiff's DRURY® Marks are and were distinctive, well-known and famous at the time of registration of the www.DruryHotelsUSA.com domain name.

65. Defendant Doe has thus committed and is continuing to commit acts of cyber-squatting in violation of, *inter alia*, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

66. Defendant Doe's acts of cyber-squatting have caused and will continue to cause damage and irreparable harm to Drury, and are likely to continue unabated, thereby causing further damage and irreparable harm to Drury and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known and famous DRURY® Marks, unless enjoined and restrained by the Court.

67. Drury has no adequate remedy at law.  If Defendant Doe's activities are not enjoined, Drury will continue to suffer irreparable harm and injury to its DRURY® Marks, its goodwill, and its reputation.

68. Defendant Doe's cyber-squatting is and was knowing and willful.

69. As a result of Defendant Doe's activities, Drury has been damaged in an amount to be ascertained at trial.

## COUNT V

### Statutory and Common Law Trademark Infringement and Unfair Competition

70. Drury realleges and incorporates each and every allegation set forth in paragraphs 1 through 69 of the Complaint as if fully set forth and restated herein.

71. The DRURY® Marks are distinctive within the meaning of Chapter 417 of the Missouri Revised Statutes and have been distinctive since prior to Defendants' conduct as described herein.  The DRURY® Marks are valid at common law.

72. The DRURY® Marks have been used in interstate and intrastate commerce, including in Missouri, since at least as early as 1973.

73. Defendants' conduct constitutes trademark infringement and unfair competition under Chapter 417 of the Missouri Revised Statutes and under common law.

74. Defendants' acts of trademark infringement and unfair competition have caused and will continue to cause damage and irreparable harm to Drury, and are likely to continue unabated, thereby causing further damage and irreparable harm to Drury and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known and famous DRURY® Marks, unless enjoined and restrained by the Court.

75. Drury has no adequate remedy at law.  If Defendants' activities are not enjoined, Drury will continue to suffer irreparable harm and injury to its DRURY® Marks, its goodwill, and its reputation.

76. Defendants' trademark infringement and unfair competition is and was knowing and willful.

77. As a result of Defendants' activities, Drury has been damaged in an amount to be ascertained at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hotel Services Company, LLC respectfully requests that the Court enter judgment against Defendants NameCheap, Inc. and John Doe as follows:

A. That the Court enter a preliminary injunction during the pendency of this action, and a permanent injunction thereafter, restraining Defendant Doe and his respective employees,

partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from using the DRURY® Marks and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy or colorable imitation of such mark, either alone or in combination with any other designation, on or in connection with any activities, advertising, marketing, promotion, business, provision of services, offer for sale, or sale of Defendant's services or goods, including filing applications with the U.S. Patent and Trademark Office or other governmental entities to register such marks and/or registering domain names incorporating such marks, from otherwise infringing and/or diluting the distinctive nature of the DRURY® Marks, and from otherwise competing unfairly with DRURY.

B.    That the Court enter a preliminary injunction during the pendency of this action, and a permanent injunction thereafter, requiring that Defendant NameCheap and its respective employees, partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, deactivate the domain name www.DruryHotelsUSA.com or take other steps to ensure that the domain name is not and cannot be used by Defendant Doe.

C.    That the Court order Defendants NameCheap, Inc. and Defendant Doe to transfer and assign to Plaintiff the registration for the domain name www.DruryHotelsUSA.com and any other registrations for any domain names confusingly similar to Plaintiff's DRURY® Marks;

D.    That the Court enter a judgment finding that Defendant NameCheap, Inc. and Defendant Doe have infringed and willfully infringed Plaintiff's DRURY® Marks;

E. That the Court enter a judgment finding that Defendant NameCheap, Inc. and Defendant Doe have committed unfair competition and false designation of origin by willfully using Plaintiff's DRURY® Marks;

F. That the Court enter a judgment finding that Defendant Doe has committed cyber-squatting by willfully using Plaintiff's DRURY® Marks;

G. That the Court order Defendant NameCheap, Inc. and Defendant Doe to pay to Plaintiff such damages as Plaintiff have actually sustained:

    (i) in consequence of Defendants' infringement of and upon Plaintiff's DRURY® Marks;

    (ii) in consequence of Defendants' false designations of origin;

    (iii) in consequence of Defendants' actions of unfair competition; and

    (iv) in consequence of Defendant Doe's cyber-squatting;

H. That the Court order Defendant NameCheap, Inc. and Defendant Doe to cease further infringing the DRURY® Marks and damaging Plaintiff's goodwill;

I. That the Court order Defendant NameCheap, Inc. and Defendant Doe to account for and pay to Plaintiff all profits realized by Defendants from their infringement of or upon Plaintiff's DRURY® Marks, their false designations of origin, their acts of unfair competition, and Defendant Doe's acts of cyber-squatting;

J. That the Court find that the circumstances and actions of Defendants' conduct was willful and sufficient to merit an award of exemplary damages to Plaintiff in the amount of three times the amount found as actual damages;

K. That the Court order Defendants to pay Plaintiff its costs and expenses incurred in and related to this action;

L. That the Court order Defendants to pay Plaintiff's attorneys' fees; and that the Court award such other and further relief as the Court deems just and proper under the circumstances.

 Respectfully submitted,

 **BRYAN CAVE LLP**

 By: /s/ Jason S. Meyer
  David A. Roodman #38109MO
  daroodman@BryanCave.com
  Jason S. Meyer #64030MO
  jason.meyer@BryanCave.com
  BRYAN CAVE LLP
  One Metropolitan Square
  211 North Broadway, Suite 3600
  St. Louis, Missouri 63102-2750
  Telephone: (314) 259-2000
  Facsimile:   (314) 259-2020

 **ATTORNEYS FOR PLAINTIFF HOTEL SERVICES COMPANY, LLC**